STATE BOARD OF EXAMINERS IN LAW v. FREEMAN P. LANE.[1]

December 16, 1904.

Nos. 13,807—(1)

**Misconduct of Attorney.**

Where an attorney encouraged a witness in a criminal case to continue in concealment and avoid attendance, when it was known he would be required as a witness, it was a breach of professional duty, subjecting him to discipline therefor.

Upon the accusation and petition of Eli Southworth, as secretary of the state board of examiners in law, filed pursuant to the provisions of Laws 1901, c. 62, an order was issued from the supreme court requiring respondent Freeman P. Lane to show cause why he should not be removed from his office of attorney and counselor at law of the state of Minnesota. Judgment of suspension from office for one year ordered.

*E. Southworth*, for petitioner.

*Victor J. Welch* and *Thomas Kneeland*, for respondent.

PER CURIAM.

Charges were duly filed by the secretary of the state board of examiners against Freeman P. Lane, charging in substance that he had received employment from Edward Leland, a convict in state prison, to assist him in preparing and presenting a petition to be submitted to the board of pardons for his release, and that he received substantial sums of money for services to be rendered therefor, which he agreed to perform in that behalf, but that, in violation of his obligation as attorney to his client, after a sufficient length of time had elapsed, declined to prepare any petition, and entirely abandoned the prosecution of the application for pardon.

This petition was filed in this court on December 4, 1903, and on December 7, an order to show cause was issued providing for an investigation of the charge.

[1] Reported in 101 N. W. 613.

Afterwards the charges were, upon showing and leave granted, amended to include a further accusation to the effect that the respondent aided and abetted a witness, Ada Hubbell, who was in custody of the sheriff of Washington county, and detained there to testify against one John Roberts and Edward Leland upon criminal charges against them, to escape; also that the respondent, who had been retained by Roberts and Leland, arranged a plan between them, the witness, and respondent, whereby she was enabled to escape from jail and leave the state, for the purpose of withholding her testimony, in consequence of which the criminal causes against Leland and Roberts were continued until the following term of the district court; that from the time of the escape of this witness until the final disposition of the case against Roberts and the dismissal of the action against Leland in December, 1901, the officers of the law in Washington county were unable to secure the attendance of Ada Hubbell, who was keeping herself concealed; that on or about June 1, 1901, the respondent was furnished with money to the extent of $50 by Leland, and accepted the same to forward it to Ada Hubbell to assist her in maintaining her concealment from the officers of Washington county, and to elude them; and that respondent during the pendency of such action mailed to Ada Hubbell, who was eluding such officers and withholding herself from said trial, the sum of $30.

The respondent denied the accusatory matter contained in these charges. There was a reference, and testimony was taken, which has been reported to the court. Now, upon a full consideration of the charges and evidence, the following conclusions have been reached:

The charges that after respondent had received a substantial sum of money to assist the convict Leland in securing a pardon, he was then abandoned by respondent, are not in our judgment sustained by the evidence. While there is testimony for the petitioner, from the convict Leland and the witness Ada Hubbell, tending to show that respondent encouraged the witness to escape from custody of the sheriff, by whom she was held as a witness, this is denied by the respondent; and the character of the evidence, too, is not of sufficient weight, as against the denials of respondent, to entitle it to sufficient weight or credence to justify us in holding that respondent in the first instance encouraged the escape of this witness.

But, further, upon the admission and statements of the respondent himself, it appears that he knew that the witness Ada Hubbell had planned to escape at the time she ran away, and that her escape necessitated the postponement of the two criminal prosecutions referred to; that thereafter she kept herself concealed for several months, and that respondent became acquainted with this fact; also that she was necessitous and in distressed circumstances, and that about the time when the criminal prosecution against Roberts and Leland was coming on the respondent obtained knowledge of the hiding place of the witness, and informed Roberts of this fact, and advised him to send her aid, and himself made a remittance to her for Roberts, which could have been for no other reason than to continue her in her concealment and thereby prevent her from being a witness in the criminal causes against Roberts and Leland.

The conclusions we have reached in this respect depend almost wholly upon the evidence furnished by respondent himself. The natural and probable inference that follows from his admissions and letters has necessarily led to the view, which is established to a moral certainty, that respondent knew his client Roberts was under prosecution and that it was to his interest to prevent the attendance of the witness Ada Hubbell, that he was intending to send her money, and that he received for that purpose the money and forwarded it to the place of concealment of the witness Ada Hubbell, which would benefit not only Roberts, but Leland; and, treating every other allegation in the accusation against respondent as not having been sufficiently proved, we are required to hold that this claim of the accusation is established, and we are further required to hold that that act by an attorney prevented the attendance of a witness and aided in keeping her in concealment, by furnishing money to such witness, or aiding and abetting his client, under prosecution, to comply with such a request is a breach of professional duty to the fair administration of justice, and cannot be condoned, but should subject him to the discipline of this court.

We therefore hold that the element of the charge which accused respondent of having encouraged the witness Ada Hubbell in the criminal cause to continue in concealment and avoid attendance, when it was known that she would be required as a witness, has been estab-

lished, and that this was a breach of professional duty by the respondent as an attorney and counselor, and subjects him to discipline therefor.

The judgment of the court is that respondent be suspended from practicing as an attorney or counselor in any of the courts of this state for the period of one year.   Let judgment be entered accordingly.